1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

5  Attorneys for Plaintiff,
   DAVID FUSON, et al.

6

7  Geoffrey D. DeBoskey, Esquire
   SHEPPARD, MULLIN, RICHTER & HAMPTON
8  501 West Broadway, 19th Floor
   San Diego, California 92101-3598
9  Telephone: (619) 338-6500
   Facsimile: (619) 234-3815

10

   Attorneys for Defendants,
11 CONTI MATERIALS SERVICE and DONALD CONTI

12

13                    UNITED STATES DISTRICT COURT

14                   EASTERN DISTRICT OF CALIFORNIA

15                        (Fresno Division)

16 DAVID FUSON, individually    )   CASE NO. 1:06-cv-00769 LJO SMS
   and on behalf of all others  )
17 similarly-situated,          )   STIPULATED and PROTECTIVE ORDER
                                )
18              Plaintiff,       )
                                )
19 vs.                          )
                                )
20 CONTI MATERIALS SERVICE      )
   and DOES 1 through 100,      )
21                              )
                Defendants.     )
22 _____)

23 **1.  PURPOSES AND LIMITATIONS**

24     Disclosure and discovery activity in this action are likely to

25 involve  production  of  confidential,  proprietary,  or  private

26 information for which special protection from public disclosure and

27 from use for any purpose other than prosecuting this litigation

28 would be warranted.  Accordingly, the parties hereby stipulate to

1  and petition the court to enter the following Stipulated Protective

2  Order.   The parties acknowledge that this Order does not confer

3  blanket protections on all disclosures or responses to discovery

4  and that the protection it affords extends only to the limited

5  information or items that are entitled under the applicable legal

6  principles to treatment as confidential.   The parties further

7  acknowledge, as set forth in Section 10, below, that this

8  Stipulated Protective Order creates no entitlement to file

9  confidential information under seal; Local Rule 39-141 sets forth

10  the procedures that must be followed when a party seeks permission

11  from the court to file material under seal.

12  **2.   DEFINITIONS**

13      2.1  <u>Party</u>: any party to this action, including all of its

14  officers, directors, employees, consultants, retained experts, and

15  outside counsel (and their support staff).

16      2.2  <u>Disclosure Or Discovery Material</u>:   all items or

17  information, regardless of the medium or manner generated, stored,

18  or maintained (including, among other things, testimony,

19  transcripts, or tangible things) that are produced or generated in

20  disclosures or responses to discovery in this matter.

21      2.3  <u>"Confidential" Information Or Items</u>:   information

22  (regardless of how generated, stored or maintained) or tangible

23  things that qualify for protection under standards developed under

24  F.R.C.P. 26(c).

25      2.4  <u>"Highly Confidential - Attorneys' Eyes Only" Information</u>

26  <u>Or Items:</u> extremely sensitive "Confidential Information or Items"

27  whose disclosure to another Party or non-party would create a

28  substantial risk of serious injury that could not be avoided by

1  less restrictive means.

2      2.5  <u>Receiving Party</u>: a Party that receives Disclosure or
3  Discovery Material from a Producing Party.

4      2.6  <u>Producing Party</u>: a Party or non-party that produces
5  Disclosure or Discovery Material in this action.

6      2.7  <u>Designating Party</u>: a Party or non-party that designates
7  information or items that it produces in disclosures or in response
8  to discovery as "Confidential" or "Highly Confidential - Attorneys'
9  Eyes Only."

10     2.8  <u>Protected Material</u>: any Disclosure or Discovery Material
11 that is designated as "Confidential" or as "Highly Confidential -
12 Attorneys' Eyes Only."

13     2.9  <u>Outside Counsel</u>: attorneys who are not employees of a
14 Party but who are retained to represent or advise a Party in this
15 action.

16     2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

17     2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House
18 Counsel (as well as their support staffs).

19     2.12 <u>Expert</u>: a person with specialized knowledge or experience
20 in a matter pertinent to the litigation who has been retained by a
21 Party or its counsel to serve as an expert witness or as a
22 consultant in this action and who is not a past or a current
23 employee of a Party or of a competitor of a Party's and who, at the
24 time of retention, is not anticipated to become an employee of a
25 Party or a competitor of a Party's.  This definition includes a
26 professional jury or trial consultant retained in connection with
27 this litigation.

28     2.13 <u>Professional Vendors</u>: persons or entities that provide

1  litigation support services (e.g. photocopying; videotaping;
2  translating; preparing exhibits or demonstrations; organizing,
3  storing, retrieving data in any form or medium; etc.) and their
4  employees and subcontractors.

5  **3.    SCOPE**

6      The protections conferred by this Stipulation and Order cover
7  not only Protected Material (as defined above), but also any
8  information copied or extracted therefrom, as well as all copies,
9  excerpts, summaries, or compilations thereof, plus testimony,
10  conversations, or presentations by parties or counsel to or in
11  court or in other settings that might reveal Protected Material.

12  **4.    DURATION**

13      Even after the termination of this litigation, the
14  confidentiality obligations imposed by this Order shall remain in
15  effect until a Designating Party agrees otherwise in writing or a
16  court order otherwise directs.

17  **5.    DESIGNATING PROTECTED MATERIAL**

18      5.1  Exercise Of Restraint And Care In Designating Material
19  For Protection.    Each Party or non-party that designates
20  information or items for protection under this Order must take care
21  to limit any such designation to specific material that qualifies
22  under the appropriate standards.  A Designating Party must take
23  care to designate for protection only those parts of material,
24  documents, items, or oral or written communications that qualify -
25  so that other portions of the material, documents, items, or
26  communications for which protection is not warranted are not swept
27  unjustifiably within the ambit of this Order.

28      Mass, indiscriminate, or routinized designations are

1  prohibited.  Designations that are shown to be clearly unjustified,

2  or that have been made for an improper purpose (e.g. to

3  unnecessarily encumber or retard the case development process, or

4  to impose unnecessary expenses and burdens on other parties),

5  expose the Designating Party to sanctions.

6      If it comes to a Party's or a non-party's attention that

7  information or items that it designated for protection do not

8  qualify for protection at all, or do not qualify for the level of

9  protection initially asserted, that Party or non-party must

10  promptly notify all other parties that it is withdrawing the

11  mistaken designation.

12      5.2  <u>Manner And Timing Of Designations</u>.  Except as otherwise

13  provided in this Order (see, e.g. second paragraph of section

14  5.2(a), below), or as otherwise stipulated or ordered, material

15  that qualifies for protection under this Order must be clearly so

16  designated before the material is disclosed or produced.

17          Designation in conformity with this Order requires:

18          (a)  <u>for information in documentary form</u> (apart from

19  transcripts of depositions or other pretrial or trial proceedings),

20  that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the bottom of each page

22  that contains protected material.  If only a portion or portions of

23  the material on a page qualifies for protection, the Producing

24  Party also must clearly identify the protected portion(s) (e.g. by

25  making appropriate markings in the margins) and must specify, for

26  each portion, the level of protection being asserted (either

27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

28          A Party or non-party that makes original documents or

1  materials available for inspection need not designate them for

2  protection until after the inspecting Party has indicated which

3  material it would like copied and produced.  During the inspection

4  and before the designation, all of the material made available for

5  inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

6  ONLY."  After the inspecting Party has identified the documents it

7  wants copied and produced, the Producing Party must determine which

8  documents, or portions thereof, qualify for protection under this

9  Order, then, before producing the specified documents, the

10 Producing Party must affix the appropriate legend ("CONFIDENTIAL"

11 or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the bottom of

12 each page that contains Protected Material.  If only a portion or

13 portions of the material on a page qualifies for protection, the

14 Producing Party also must clearly identify the protected

15 portion(s)(e.g. by making appropriate markings in the margins) and

16 must specify, for each portion, the level of protection being

17 asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

18 ATTORNEYS' EYES ONLY").

19          (b)  for testimony given in deposition or in other

20 pretrial or trial proceedings, that the Party or non-party offering

21 or sponsoring the testimony identify on the record, before the

22 close of the deposition, hearing, or other proceeding, all

23 protected testimony, and further specify any portions of the

24 testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

25 ONLY."  When it is impractical to identify separately each portion

26 of testimony that is entitled to protection, and when it appears

27 that substantial portions of the testimony may qualify for

28 protection, the Party or non-party that sponsors, offers, or gives

1  the testimony may invoke on the record (before the deposition or
2  proceeding is concluded) a right to have up to 20 days after
3  receipt of the transcript to identify the specific portions of the
4  testimony as to which protection is sought and to specify the level
5  of protection being asserted ("CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the
7  testimony that are appropriately designated for protection within
8  the 20 days shall be covered by the provisions of this Stipulated
9  Protective Order.

10        Transcript pages containing Protected Material must be
11  separately bound by the court reporter, who must affix to the top
12  or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY
13  CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or
14  non-party offering or sponsoring the witness or presenting the
15  testimony.

16        (c)  <u>for information produced in some form other than
17  documentary, and for any other tangible items</u>, that the Producing
18  Party affix in a prominent place on the exterior of the container
19  or containers in which the information or item is stored the legend
20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If
21  only portions of the information or item warrant protection, the
22  Producing Party, to the extent practicable, shall identify the
23  protected portions, specifying whether they qualify as
24  "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

25        5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected,
26  an inadvertent failure to designate qualified information or items
27  as "Confidential" or "Highly Confidential - Attorneys' Eyes Only"
28  does not, standing alone, waive the Designating Party's right to

1  secure protection under this Order for such material.  If material

2  is  appropriately  designated  as  "Confidential"  or  "Highly

3  Confidential - Attorneys' Eyes Only" after the material was

4  initially produced, the Receiving Party, on timely notification of

5  the designation, must make reasonable efforts to assure that the

6  material is treated in accordance with the provisions of this

7  Order.

8  **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

9     6.1  <u>Timing Of Challenges</u>.  Unless a prompt challenge to a

10 Designating Party's confidentiality designation is necessary to

11 avoid foreseeable substantial unfairness, unnecessary economic

12 burdens, or a later significant disruption or delay of the

13 litigation, a Party does not waive its right to challenge a

14 confidentiality designation by electing not to mount a challenge

15 promptly after the original designation is disclosed.

16    6.2  <u>Meet And Confer</u>.  A Party that elects to initiate a

17 challenge to a Designating Party's confidentiality designation must

18 do so in good faith and must begin the process by conferring

19 directly (in voice-to-voice dialogue; other forms of communication

20 are not sufficient) with counsel for the Designating Party.   In

21 conferring, the challenging Party must explain the basis for its

22 belief that the confidentiality designation was not proper and must

23 give the Designating Party an opportunity to review the designated

24 material, to reconsider the circumstances, and, if no change in

25 designation is offered, to explain the basis for the chosen

26 designation.  A challenging Party may proceed to the next stage of

27 the challenge process only if it has engaged in this meet-and-

28 confer process first.

1    6.3   <u>Judicial Intervention</u>.  A Party that elects to press a
2 challenge to a confidentiality designation after considering the
3 justification offered by the Designating Party may file and serve
4 a motion under Local Rule 37-251 that identifies the challenged
5 material and sets forth in detail the basis for the challenge.
6 Each such motion must be accompanied by a competent declaration
7 that affirms that the movant has complied with the meet-and-confer
8 requirements imposed in the preceding paragraph and that sets forth
9 with   specificity   the   justification   for   the   confidentiality
10 designation that was given by the Designating Party in the meet-
11 and-confer dialogue.

12    The burden of persuasion in any such challenge proceeding
13 shall be on the Designating Party.  Until the court rules on the
14 challenge, all parties shall continue to afford the material in
15 question the level of protection to which it is entitled under the
16 Producing Party's designation.

17 **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

18    7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected
19 Material that is disclosed or produced by another Party or by a
20 non-party   in   connection   with   this   case   only   for   prosecuting,
21 defending, or attempting to settle this litigation.  Such Protected
22 Material may be disclosed only to the categories of persons and
23 under the conditions described in this Order.  When the litigation
24 has   been   terminated,   a   Receiving   Party   must   comply   with   the
25 provisions of Section 11, below (FINAL DISPOSITION).

26    Protected Material must be stored and maintained by a
27 Receiving Party at a location and in a secure manner that ensures
28 that access is limited to the persons authorized under this Order.

1        7.2   <u>Disclosure of "CONFIDENTIAL" Information Or Items</u>.

2    Unless otherwise ordered by the court or permitted in writing by

3    the Designating Party, a Receiving Party may disclose any

4    information or item designated CONFIDENTIAL only to:

5        (a)   the Receiving Party's Outside Counsel of record in

6    this action, as well as employees of said Counsel to whom it is

7    reasonably necessary to disclose the information for this

8    litigation and who have signed the "Agreement To Be Bound By

9    Protective Order" that is attached hereto as Exhibit A;

10        (b)   the officers, directors, and employees (including

11   House Counsel) of the Receiving Party to whom disclosure is

12   reasonably necessary for this litigation and who have signed the

13   "Agreement To Be Bound By Protective Order" (Exhibit A);

14        (c)   experts (as defined in this Order) of the Receiving

15   Party to whom disclosure is reasonably necessary for this

16   litigation and who have signed the "Agreement To Be Bound By

17   Protective Order" (Exhibit A);

18        (d)   the Court and its personnel;

19        (e)   court reporters, their staffs, and professional

20   vendors to whom disclosure is reasonably necessary for this

21   litigation and who have signed the "Agreement To Be Bound By

22   Protective Order" (Exhibit A);

23        (f)   during their depositions, witnesses in the action

24   to whom disclosure is reasonably necessary and who have signed the

25   "Agreement To Be Bound By Protective Order" (Exhibit A).  Pages of

26   transcribed deposition testimony or exhibits to depositions that

27   reveal Protected Material must be separately bound by the court

28   reporter and may not be disclosed to anyone except as permitted

1  under this Stipulated Protective Order; and

2          (g)   the author of the document or the original source

3  of the information.

4      7.3  Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

5  ONLY" Information Or Items.  Unless otherwise ordered by the court

6  or permitted in writing by the Designating Party, a Receiving Party

7  may  disclose  any  information  or  item  designated  "HIGHLY

8  CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

9          (a)   the Receiving Party's Outside Counsel of record in

10  this action, as well as employees of said Counsel to whom it is

11  reasonably  necessary  to  disclose  the  information  for  this

12  litigation and who have signed the "Agreement To Be Bound By

13  Protective Order" that is attached hereto as Exhibit A;

14          (b)   Experts (as defined in this Order)(1) to whom

15  disclosure is reasonably necessary for this litigation, (2) who

16  have  signed  the  "Agreement To Be Bound By Protective Order"

17  (Exhibit A), and (3) as to whom the procedures set forth in

18  Paragraph 7.4, below, have been followed;

19          (c)   the Court and its personnel;

20          (d)   court reporters, their staffs, and professional

21  vendors  to  whom  disclosure  is  reasonably  necessary  for  this

22  litigation and who have signed the "Agreement To Be Bound By

23  Protective Order" (Exhibit A); and

24          (e)   the author of the documents or the original source

25  of the information.

26      7.4  Procedures For Approving Disclosure Of "HIGHLY

27  CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information Or Items to

28  "Experts."   A Party that seeks to disclose to an "Expert" (as

defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must take all adequate and reasonable steps to ensure that the proposed "Expert" does not have any conflict of interest.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be

1  construed as authorizing or encouraging a Receiving Party in this

2  action to disobey a lawful directive from another court.

3  **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4  If a Receiving Party learns that, by inadvertence or

5  otherwise, it has disclosed Protected Material to any person or in

6  any circumstances not authorized under this Stipulated Protective

7  Order, the Receiving Party must immediately (a) notify in writing

8  the Designating Party of the unauthorized disclosures, (b) use its

9  best efforts to retrieve all copies of the Protected Material, (c)

10  inform the person or persons to whom unauthorized disclosures were

11  made of all the terms of this Order, and (d) request such person or

12  persons to execute the "Acknowledgment And Agreement To Be Bound"

13  that is attached hereto as Exhibit A.

14  **10.   FILING PROTECTED MATERIAL**

15  Without written permission from the Designating Party or a

16  court order secured after appropriate notice to all interested

17  persons, a Party may not file in the public record in this action

18  any Protected Material.  A Party that seeks to file under seal any

19  Protected Material must comply with Local Rule 39-141.

20  **11.   FINAL DISPOSITION**

21  Unless otherwise ordered or agreed in writing by the Producing

22  Party, within sixty days after the final termination of this

23  action, each Receiving Party must return all Protected Material to

24  the Producing Party.  As used in this subdivision, "all Protected

25  Material" includes all copies, abstracts, compilations, summaries

26  or any other form of reproducing or capturing any of the Protected

27  Material.  With permission in writing from the Designating Party,

28  the Receiving Party may destroy some or all of the Protected

1   Material instead of returning it.  Whether the Protected Material

2   is returned or destroyed, the Receiving Party must submit a written

3   certification to the Producing Party (and, if not the same person

4   or entity, to the Designating Party) by the sixty-day deadline that

5   identifies (by category, where appropriate) all the Protected

6   Material that was returned or destroyed and that affirms that the

7   Receiving   Party   has   not   retained   any   copies,   abstracts,

8   compilations, summaries or other forms of reproducing or capturing

9   any of the Protected Material.  Notwithstanding this provision,

10  Counsel are entitled to retain an archival copy of all pleadings,

11  motion  papers,  transcripts,  legal  memoranda,  correspondence  or

12  attorney work product, even if such material contains Protected

13  Material.   Any  such  archival  copies  that  contain  or  constitute

14  Protected Material remain subject to this Protective Order as set

15  forth in Section 4 **(DURATION)**, above.

16  **12.  MISCELLANEOUS**

17      12.1 <u>Right To Further Relief</u>.  Nothing in this Order abridges

18  the right of any person to seek its modification by the Court in

19  the future.

20      12.2 <u>Right To Assert Other Objections</u>.  By stipulating to the

21  entry  of  this  Protective  Order  no  Party  waives  any  right  it

22  otherwise  would  have  to  object  to  disclosing  or  producing  any

23  information or item on any ground not addressed in this Stipulated

24  Protective Order.  Similarly, no Party waives any right to object

25  on any ground to use in evidence of any of the material covered by

26  this Protected Order.

27  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

28

1

2

3   Dated: June 19, 2007

4

5

6

7

8   Dated: June 19, 2007

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF JERRY BUDIN


                    /s/ Jerry Budin
        _____
        JERRY BUDIN
        Attorney for Plaintiff,
        DAVID FUSON, et al.


SHEPPARD,  MULLIN,  RICHTER  &
HAMPTON

                /s/ Geoffrey D. DeBoskey
        _____
        Geoffrey D. DeBoskey, Esquire
        Attorney for Defendants,
        CONTI MATERIALS and DONALD CONTI


## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____**[print or type full name]** of

_____**[print or type full address],**

declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by

the United States District Court for the Eastern District of

California on _____, 2007 in the case of <u>David Fuson, et al.</u>

<u>v. Cont Material Services, et al.</u>, CV 06-00769 AWI TAG.  I do agree

to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United

States District Court for the Eastern District of California for

1  the purpose of enforcing the terms of this Stipulated Protective

2  Order, even if such enforcement proceedings occur after termination

3  of this action.

4      I hereby appoint _____**[print or type**

5  **full name]** of _____**[print or type**

6  **full address and telephone number]** as my California agent for

7  service of process in connection with this action or any

8  proceedings related to enforcement of this Stipulated Protective

9  ///

10  ///

11  Order.

12  Date: _____

13  City and State where sworn and signed: _____

14  Printed name: _____

15  Signature: _____

16

17

18

19  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21

22  IT IS SO ORDERED.

23  **Dated:   June 19, 2007**          _____/s/ Sandra M. Snyder_____
                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                              CASE NO. CV 06-00769 LJO SMS