1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DAVID FUSON,                                        CASE NO. CV F 06-0769 LJO SMS

12              Plaintiff,                               **ORDER ON MOTION TO AMEND/DISMISS**
                                                         **CLAIMS AND ON DEFENDANTS'**
13              v.                                       **REQUEST FOR SANCTIONS**

14    CONTI MATERIAL SERVICE, et al.,

15              Defendants.
                                                    /
16

17         Pursuant to a notice filed on September 17, 2007, plaintiff David Fuson ("plaintiff") seeks to

18    dismiss his federal claims and dismiss the state law claims without prejudice.  Plaintiff intends to refile

19    the state law claims in state court. Defendants Conti Material Service and Donald Conti ("Conti") filed

20    a statement of non-opposition on October 2, 2007 to the dismissal of the claims.  In its opposition, Conti

21    moves for sanctions against plaintiff. Plaintiff filed a reply brief on October 9, 2007. This matter was

22    submitted on the pleadings without oral argument pursuant to Local Rule 78-230(h).  Having considered

23    the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following

24    order.

25                                    **FACTUAL BACKGROUND**

26         Plaintiff David Fuson brings this action for unpaid regular and overtime compensation,

27    individually and on behalf of other truck drivers who have worked for the Conti. Plaintiff alleges that

28    defendant Conti have had consistent policies of (a) requiring their truck drivers, including plaintiff, to

1  work in excess of forty (40) hours per week without paying them overtime compensation as required by

2  Federal and State law and (b) failing to pay their truck drivers regular compensation for all the work

3  those truck drivers performed for Conti as required by Federal and State laws. Plaintiff's complaint (filed

4  on June 17, 2006) contains five (5) causes of action. The First and Third Causes Of Action allege a

5  violation of the Fair Labor Standards Act ("FLSA") [29 U.S.C. Section 201 et seq.], the Second and

6  Fifth allege a violation of the California Unfair Competition Act ("UCA") [California Business and

7  Professions Code Section 17200 et seq.] and the Fourth alleges a violation of California Labor Code

8  §200 et seq.

9                    **DISMISSAL OF THE FEDERAL AND STATE CLAIMS**

10         Plaintiff moves to amend the complaint to dismiss the federal claims and then to dismiss the case

11  for lack of subject matter jurisdiction.

12         Defendant does not oppose the amendment of the complaint or dismissal of the state claims.

13  Accordingly, the federal claims will be dismissed.

14         Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction

15  over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §

16  1367(c)(3) provides in relevant part:

17         ( c) the district courts may decline to exercise supplemental jurisdiction over a claim
           under subsection (a) if--
18                (1) the claim raises a novel or complex issue of State law,
                  (2) the claim substantially predominates over the claim or claims over
19         which the district court has original jurisdiction,
                  (3) the district court has dismissed all claims over which it has original
20         jurisdiction, or
                  (4) in exceptional circumstances, there are other compelling reasons for
21         declining jurisdiction....

22         In the case before the Court, at least two factors of §1367( c) are present: the Court has dismissed

23  all claims over which it has original jurisdiction, and the state claims raise novel or complex issues of

24  state law.  This Court declines to exercise supplemental jurisdiction over Plaintiffs' claims, and the

25  claims are dismissed without prejudice.[1]

26  /////

27  _____

28         [1] Any applicable statute of limitations on the state law claims shall be tolled while the claim is pending and for a
    period of 30 days after dismissal unless state law provides a longer period. 28 U.S.C. § 1367(d).

**CONTI'S REQUEST FOR SANCTIONS**

In its opposition, defendant Conti requests this Court impose monetary sanctions against plaintiff. Defendant argues that plaintiff prosecuted this action and filed an unmeritorious motion to dismiss which caused Conti to incur substantial fees and costs in the litigation.  Defendant argues that it spent over $20,000 in fees and costs in defending against plaintiff's motion for class certification, which plaintiffs abandoned without explanation.  Defendant asks for sanctions pursuant to Rule 11 and this Court's inherent powers.

**A.      Federal Rule of Civil Procedure 11**

This Court cannot impose monetary sanctions pursuant to Rule 11 because defendant's motion is procedurally defective.  Rule 11 places a "hold" on filing sanctions motions to allow the party against whom sanctions are sought opportunity for correction.  See Rule 11(c)(1)(A). A motion for sanctions may not be filed until 21 days after it is served (or such other period ordered by the court).  Rule 11(c)(1)(A).  Rule 11 sanctions cannot be imposed under a motion filed within 21 days after the motion was served, no matter how frivolous the conduct sought to be sanctioned. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 781 (9th Cir. 2001) (21–day "safe harbor" "mandatory" and not excused by earlier warning to opposing party), *cert. denied*, 534 U.S. 1020 (2001).

Defendant's motion was not served and filed according to the mandatory requirements of Rule 11.   The motion is therefore procedurally defective.  The Court notes that while the sanctions request is denied on procedural grounds, substantively, it appeared to have merit.

**B.      Inherent Power of the Court**

Federal courts have inherent power to impose sanctions for misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct or "willful disobedience" of a court order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995).  A district court is also inherently empowered to sanction for "willfulness or fault of the offending party."  *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988); *Unigard Sec. Ins. v. Lakewood Engineering & Mfg.*, 982 F.2d 363, 368, n. 2 (9th Cir. 1992).

3

1    Sanctions imposed under a court's inherent powers require a finding of bad faith. *Chambers*,

2 501 U.S. at 55, 111 S.Ct. 2123. "Bad faith" means a party or counsel acted "vexatiously, wantonly or

3 for oppressive reasons." *Chambers*, 501 U.S. at 45-46, 111 S.Ct. at 2133; *see Alyeska Pipeline Service*

4 *Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622 (1975).  Bad faith "does not

5 require that the legal and factual basis for the action prove totally frivolous; where a litigant is

6 substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will

7 not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732

8 (9th Cir. 1995) (internal quotation marks and citations omitted).

9    A court's inherent powers "are governed not by rule or statute but by the control necessarily

10 vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

11 cases." *Chambers*, 501 U.S. at 43, 111 S.Ct. at 2132.  Such inherent power "is not a broad reservoir of

12 power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to

13 make the court function." *Chambers*, 501 U.S. at 42; 111 S.Ct. at 2123.

14    This Court does not find that there was bad faith in the conduct of the litigation or the filing of

15 the motion for class certification.  Plaintiff argues that he decided to drop the motion for class

16 certification after receiving defendant's opposition to the motion.  Plaintiff argues that until he received

17 the opposition, defendant had not fully articulated its defense to the federal claims.  Indeed, in its

18 opposition, defendant articulated an evidentiary basis upon which the plaintiff's federal overtime claim

19 may be unsuccessful.  In this particular case, the Court does not find bad faith in abandoning claims that

20 plaintiff believes would be unsuccessful.  Accordingly, the Court does not find bad faith.

21 /////

22 /////

23 /////

24 /////

25 /////

26 /////

27 /////

28 /////

1

**CONCLUSION**

2        For the foregoing reasons, the Court ORDERS as follows:

3        1.      Pursuant to F.R.C.P. Rule 15, Plaintiff's Complaint is amended to dismiss all federal-law

4                claims, including the First, Second and Third Causes of Action and that portion of the

5                Fifth Cause of Action that is predicated on the FLSA;

6        2.       Pursuant to 28 U.S.C. §1367( c), the Court declines to exercise supplemental jurisdiction

7                over plaintiff's remaining state-law claims, which are hereby dismissed without

8                prejudice;

9        3.      Defendants' request for sanctions is DENIED;

10       4.      The clerk of the Court is directed to close this case.

11   IT IS SO ORDERED.

12   **Dated:     October 12, 2007                          /s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28